UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 91-00256-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ESTANISLAO ESLAVA-RODRIGUEZ,

Defendant.
_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Referral (DE 95) from United States District Judge Daniel T.K. Hurley "for an evidentiary hearing, if necessary, and for a report and recommendation" on the Defendant's Motion to Discharge Sureties (DE 94), filed June 18, 2007. Pending before the Court is Defendant's Motion to Discharge Sureties (DE 94), filed June 18, 2007. The Government filed a Response to Defendant's Motion to Discharge Sureties and United States' Motion for Revocation and Estreature of Bond and for Entry of a Final Judgment of Partial Forfeiture of Appearance Bond (DE 97) on July 5, 2007. This matter is now ripe for review.

### Background

On August 21, 1991, the Court set a $50,000.00 - 10% appearance bond for Defendant Eslava-Rodriguez, who was on release while cooperating with a Government investigation. That same day, the Defendant deposited with the Court a $5,000.00 check to secure the appearance bond. One of the conditions of the bond was that the defendant

"shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case." Penalties and sanctions applicable to the Defendant under the bond included the statement that "[v]iolation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or fine." Additionally, the bond penalties included the provision that "a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States."

The Defendant was sentenced to 41 months in prison on October 26, 1992 (DE 69). He was ordered to surrender by April 21, 1993 (DE 69), to allow him to complete cooperation efforts he had undertaken with the Government. Instead, the Defendant disappeared and has not appeared at any Court hearing in the case since his disappearance. A warrant for the Defendant's arrest was issued on September 23, 1994.

On April 2, 1998, the Defendant's attorney, Arturo V. Hernandez, filed a nearly identical motion to the instant Motion to Discharge Sureties (DE 94). The previous Motion to Discharge Sureties (DE 88) requested that the Court hold a hearing to allow the parties to be heard on the matter. The Government filed an opposition to the motion on grounds that the Defendant inexplicably ceased cooperating or contacting his supervising agent and the Defendant had a pending sentence for which he had not surrendered. On May 15,

1998, the Court entered an order denying the motion to discharge sureties (DE 92). The Court also ordered the Defendant and Mr. Hernandez to appear at a status conference on June 1, 1998, at which time the Government's original Rule 35 motion would also be heard (DE 92). The Defendant again failed to appear.

## Mr. Hernandez's Motion

Mr. Hernandez requests that the Court enter an order discharging sureties, and returning the monies, plus accrued interest, to Mr. Hernandez. He states that he, in good faith, believes that his case has long ago concluded, and that no further proceedings are contemplated. He avers that, over a decade ago, he received information that the Government considered the Defendant's cooperation was incomplete and that he failed to appear at his Rule 35 hearing. He states that this matter was never resolved.

Mr. Hernandez states he received a notice regarding the potential forfeiture of these funds on or about June 9, 2007. He further claims that "[t]hese funds were assigned to the undersigned counsel by the client over 16 years ago. There has been no further contact between the undersigned counsel and his client, who is presumed to live in Mexico."

Mr. Hernandez acknowledges that the Government opposes the release of the sureties on the grounds that the Defendant failed to appear and compromised the Government's undercover operation. However, Mr. Hernandez states, he is aware that "his client worked for many months with the federal agents, met on multiple occasions with the target, and caused the target to be both video taped and recorded discussing various conspiracies to violate federal criminal statutes." He also cites that the Government filed a Rule 35 motion on the Defendant's behalf as a consequence of the Defendant's

cooperation. Based on these reasons, Mr. Hernandez requests that the Court order the release of the funds to himself.

## Government's Response

The Government maintains that the Court should deny the Motion for Discharge of Sureties because the Defendant has failed to meet the conditions of his bond. It argues that Mr. Hernandez's assertion that the funds in the court registry were assigned to him does not change the fact that the Defendant failed to comply with his bond conditions. Additionally, the Government moves the Court to revoke and estreat the appearance bond, and to enter a final judgment of partial forfeiture of the appearance bond, that is, the $7,315.20 in the registry of the Court ($5,000 plus accrued interest).

## Discussion

Mr. Hernandez seeks the release of the funds deposited in the court registry to guarantee the Defendant's appearance. Having reviewed the motion and its response, as well as the facts and circumstances of this case, there is no basis in the record to release the funds that were deposited with the Court to secure the Defendant's appearance. Moreover, the Court already denied a nearly identical motion to discharge sureties filed by counsel nearly a decade ago, and there has been no change in the record to warrant a different result at this time.

Rule 46(f)(1) of the Federal Rules of Criminal Procedures provides that, "The court must declare the bail forfeited if a condition of the bond is breached." In this case, because the Defendant failed to comply with the terms of his appearance bond by his failures to appear, the Defendant's appearance bond should be revoked and estreated in

accordance with Rule 46(f)(1). Furthermore, Rule 46(f)(3)(A) of the Federal Rules of Criminal Procedures provides that, "[i]f it does not set aside a bail forfeiture, the court must, upon the government's motion, enter a default judgment." Similarly, 18 U.S.C. § 3146(d) provides that, if a person who executed an appearance bond fails to appear before a court as required, the Court may declare the funds to be forfeited to the United States. In this case, because the Defendant failed to appear before the Court as required, the Government's motion for a final judgment of partial forfeiture of the appearance bond, that is, the amount in the court registry of $5,000 plus accrued interest, should be granted.

## RECOMMENDATION

Based upon the foregoing, this Court RECOMMENDS that the Defendant's Motion to Discharge Sureties (DE 94), filed June 18, 2007, be denied and that the Government's Motions for Revocation and Estreature of Bond and for Entry of a Final Judgment of Partial Forfeiture of Appearance Bond (DE 97), filed on July 5, 2007, be granted.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T. K. Hurley, within ten (10) days after being served with a copy. 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained

herein. <u>United States v. Warren</u>, 687 F.2d 347, 348 (11th Cir. 1982), <u>cert. denied</u>, 460 U.S. 1087 (1983).

    DONE and RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 23 day of July 2007.

                                                ANN E. VITUNAC
                                                United States Magistrate Judge

Copies to:
The Honorable Daniel T. K. Hurley
AUSA Ana Maria Martinez
Arturo V. Hernandez, Esq.